**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------- x

ORCUN GUNDUZALP,                                      :

                          Petitioner,         :

        -against-                                   :

                               :

WILLIAM JOYCE, *Acting New York Field Office*          :        MEMORANDUM DECISION
*Director, Immigration and Customs Enforcement, U.S.*  :             AND ORDER
*Department of Homeland Security*; KRISTI NOEM,        :
*Secretary, U.S. Department of Homeland Security*;     :        26 Civ. 2330 (GBD)
PAMELA BONDI, *U.S. Attorney General*,                 :

                             :

                    Respondents.         :

                             :

------------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Petitioner Orcun Gunduzalp brings this petition for writ of habeas corpus (the "Petition"),

pursuant to 28 U.S.C. § 2241, challenging his March 20, 2026, arrest and ongoing detention by

officials from the U.S. Department of Homeland Security's ("DHS") Immigration and Customs

Enforcement ("ICE"). (*See* Pet., ECF No. 1 ¶ 1.) Specifically, Petitioner contends that his arrest

and detention are in violation of the Immigration and Nationality Act ("INA") and his

constitutional due process rights under the Fifth Amendment. (*Id.* ¶¶ 48–74.) Petitioner seeks his

immediate release or, alternatively, a bond hearing at which the respondents (collectively, the

"Government") bears the burden of justifying his continued detention.

This Court finds that the Government's detention of Petitioner fails to adhere to the

statutory requirements governing the apprehension and detention of noncitizens within the United

States. *See* 8 U.S.C. § 1226. Accordingly, the Petition is GRANTED IN PART, and the

Government is ordered to hold a bond hearing before an immigration judge within three (3)

business days of this order, in which it bears the burden of demonstrating that Petitioner is either a danger to the community or a flight risk in order to justify any further detention.

## I.   FACTUAL BACKGROUND

Petitioner is a native and citizen of Turkey who arrived in the United States near San Ysidro, California on or about July 6, 2023.  (Pet. ¶ 1.)  Upon his arrival, Petitioner was apprehended by U.S. Customs and Border Protection.  (*Id.* ¶ 1.)  On July 7, 2023, Petitioner was issued an order of release on recognizance and released from custody.  (*Id.* ¶ 2.)  Petitioner was subsequently issued a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i).  (*Id.* ¶ 2; ECF No. 5 at 1.)  The Notice to Appear initiated removal proceedings under Section 240 of the INA.  (Pet. ¶ 2; Ex. 2, ECF No. 1-2 at 3.)  These proceedings are pending with a master calendar hearing scheduled for April 24, 2026.  (*Id.*)  Petitioner timely filed a Form I-589 Application for Asylum and for Withholding of Removal and has been issued an Employment Authorization Document.  (Pet. ¶¶ 39–40.)

Petitioner currently resides with his wife in Staten Island, New York. (Pet. ¶ 44.)  He represents he has had no adverse encounters with law enforcement, and has complied with all immigration requirements during the pendency of his asylum application.  (*Id.* ¶¶ 41, 44.) Petitioner also states that he has maintained employment during his time in the U.S. and is the sole source of financial support for his wife, who is currently pregnant.  (*Id.* ¶¶ 44–45.)

On March 15, 2026, ICE received a tip which "contained information that Petitioner posed a threat to national security."  (Declaration of Special Agent Raymond Dipillo, Ex. 1 ("Dipillo Decl."), ECF No. 5-1 ¶ 12.)  Based on this tip, Homeland Security Investigations ("HSI") and the Joint Terrorism Task Force ("JTTF") executed a Form I-200 Warrant for the arrest of Petitioner. (*Id.* ¶ 13; I-200 Warrant, Ex. 2, ECF No. 5-2.)  Petitioner was arrested by HSI Special Agents outside of his residence in Staten Island, New York on March 20, 2026 pursuant to the warrant.

(Pet. ¶ 42; Dipillo Decl. ¶¶ 14–16.) Petitioner was processed and served with the Form I-200 Warrant following his arrest and is now being held at Delaney Hall Detention Facility in Newark, New Jersey. (Dipillo Decl. ¶¶ 16–17.)

On March 20, 2026, Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (*See* Pet.) On March 24, 2026 this Court issued an Order to Show Cause and scheduled a hearing on the Petition for April 7, 2026. (ECF No. 3.) On March 31, 2026, the Government filed a letter brief in opposition to the petition. (*See* Gov't Opp., ECF No. 5.) On April 1, 2026, Petitioner filed a reply. (*See* Reply, ECF No. 8.) This Court held a hearing on the Petition on April 7, 2026.

## II.    LEGAL STANDARD

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). Under 28 U.S.C. § 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## III.    PETITIONER IS ENTITLED TO A BOND HEARING

"It is well established that the Fifth Amendment [Due Process Clause] entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). These protections extend to noncitizens, including those in removal proceedings. *See id.* at 693 ("[T]he Due Process clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

3

When a noncitizen is detained under the INA, the process due to the noncitizen is determined by which provision governs the noncitizen's detention: § 1225 or § 1226. Sections 1225(b)(1) and (b)(2) "mandate detention of aliens throughout the completion of applicable proceedings" when the noncitizen is confronted at or near the border. *See Jennings v. Rodriguez,* 138 S. Ct. 830, 836–37, 848 (2018) (explaining that § 1225 applies "at the Nation's borders and ports of entry"). Detention under § 1226, however, is at the discretion of the Attorney General based on an evaluation of whether the detainee is a risk of flight or a danger to the community. Section 1226(a) allows the Attorney General to release "the alien on 'bond . . . or conditional parole.'" *Id.* at 847 (*quoting* 8 U.S.C. § 1226(a)).

As this Court recently stated in *Chen v. Almodovar,* No. 26 Civ. 291 (GBD), 2026 WL 172883 (S.D.N.Y. Jan. 22, 2026), "[c]ourts in this district have repeatedly held that when a noncitizen is arrested while residing in the United States—as opposed to those arrested when they arrive at the border—their detention is governed by § 1226." *Chen,* 2026 WL 172883, at *2; *see e.g., Yao v. Almodovar,* No. 25-cv-9982 (PAE), 2025 WL 3653433, at *2 (S.D.N.Y. Dec. 17, 2025) ("[N]oncitizens . . . intercepted at the border, released on their own recognizance pending removal, and later detained by ICE [] are covered by § 1226, not the mandatory detention scheme of § 1225."); *Romero v. Francis,* No. 25-CV-8112 (JGK), 2025 WL 3110459, at *2 (S.D.N.Y. Nov. 6, 2025) (noting that the Supreme Court has long-recognized a distinction between "statutes governing noncitizens seeking admission at the border and those governing noncitizens already within the United States"); *Lopez Benitez v. Francis,* No. 25-cv-5937, 2025 WL 2371588, at *5 (S.D.N.Y. Aug. 13, 2025) ("[Section] 1225's provision for mandatory detention of noncitizens 'seeking admission' does not apply to someone like [Petitioner], who has been residing in the United States for more than two years.").

4

Here, Petitioner resided in the United States for almost two years before ICE detained him outside of his residence in Staten Island, New York. Further, DHS has consistently treated Petitioner as subject to detention on a discretionary basis under § 1226(a). (*See* Pet. ¶ 70). When Petitioner was released on his own recognizance in July 2023, Respondents expressly invoked their authority under "section 236 of the Immigration and Nationality Act," *i.e.*, 8 U.S.C. § 1226, to do so. (*Id.*) Under like circumstances, the fact that Respondents "consistently treated [Petitioner] as subject to § 1226" was considered to be a powerful indication that he was, in fact, subject to § 1226. *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *5 (S.D.N.Y. Aug. 13, 2025).

The Government acknowledges that the circumstances in *Chen* are similar to those in the instant case. (*See* Opp. at 2. ("As in Chen, Petitioner was not at the border when he was arrested and detained pursuant to § 1225(b)(2)(A), but outside his home on Staten Island.")). In *Chen,* this Court granted the petition after finding that the petitioner had "resided in the United States for over two years before ICE detained him during a scheduled immigration check-in", and DHS had "consistently treated Petitioner as subject to detention on a discretionary basis under § 1226(a)." *Chen,* 2026 WL 172883, at *2. The Government's letter brief does not attempt to dispute the facts in the instant case. Here, Petitioner resided in the United States for nearly two years before he was apprehended by ICE, and DHS consistently treated Petitioner as subject to detention on a discretionary basis under § 1226(a). (*See* Pet. ¶ 70). The Government could only detain Petitioner as someone "already in the country," *Jennings*, 138 S. Ct., at 838, pursuant to the Government's discretionary authority under § 1226(a). All the evidence before this Court indicates that § 1226 applies, not § 1225.

As a noncitizen detained under § 1226, Petitioner is entitled to receive a "bond hearing[] at the outset of detention." *Id.* at 847.  When detaining a noncitizen, Due Process requires that the Government, at a minimum, adhere to the requirements of the statute.  The Government "at any time may revoke a bond or parole authorized under" § 1226, 8 U.S.C. § 1226(b).  "But Due Process still requires that such discretion actually be exercised—i.e., that some determination actually be made." *Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *7 (S.D.N.Y. Nov. 4, 2025).

There is evidence in the record that suggests the Government may have exercised some discretion in detaining Petitioner.  According to the Government, ICE's HSI received a tip regarding Petitioner on March 15, 2026, which "displayed verifiable, personal knowledge of Petitioner and his circumstances" and "contained information that Petitioner posed a threat to national security." (Opp. at 1; *See* Dipillo Decl. ¶¶ 12–13.)  After receiving that tip, on the same date, HSI and the JTTF executed a Form I-200, Warrant for Arrest of Alien, "based on the information that Petitioner presented a threat to national security." (Opp. at 1.)  This Court agrees that "the government's invocation of 'national security' is not a talisman that suspends ordinary constitutional principles." (Reply at 3.)  Where the record reflects that the Government exercised some discretion in detaining Petitioner, as here, the appropriate remedy is a prompt bond hearing. *See, e.g., Sharifzoda v. Orange County Jail*, No. 26 Civ. 2486 (KMK), 2026 WL 851378, at *2 (S.D.N.Y. Mar. 27, 2026) (collecting cases).

Accordingly, this Court orders that the Government hold a bond hearing before an immigration judge within three (3) business days of this order, at which it bears the burden of demonstrating that Petitioner is either a danger to the community or a flight risk in order to justify any further detention.  If a hearing is not scheduled to be conducted within three (3) business days

6

of this order, Petitioner shall be immediately released and shall appear before an immigration court on his already scheduled date of April 24, 2026.

## IV.    CONCLUSION

Petitioner's petition for writ of habeas corpus is **GRANTED IN PART**. The Government shall ensure that Petitioner receives a bond hearing before an immigration judge pursuant 8 U.S.C. § 1226(a) **within three (3) business days** of this order. If no bond hearing is to take place by April 13, 2026, the Government shall immediately release Petitioner. At the bond hearing, the Government will bear the burden to prove, by clear and convincing evidence, that Petitioner's further detention is necessary because he is a danger to the community or a flight risk.

The Clerk of Court is directed to close this case.

Dated: April 8, 2026
      New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

7